# THE UNITED STATES DISTRICT COURT
# DISTRICT OF UTAH

| | |
|---|---|
| RIMROCK CONSTRUCTION, LLC, a Utah limited liability company<br><br>Plaintiff,<br><br>v.<br><br>WALLZ, INC., a Colorado corporation<br><br>Defendant. | **MEMORANDUM DECISION AND ORDER DENYING [32] MOTION FOR ENTRY OF DEFAULT JUDGMENT**<br><br>Case No. 2:20-cv-00360<br><br>District Judge David Barlow |

Before the court is Plaintiff's Motion for Default Judgment.[1] Plaintiff requests that the Clerk of Court enter default judgment or, in the alternative, that the court enter default judgment. Having reviewed the motion, Plaintiff's complaint, and relevant law, the court DENIES the motion WITHOUT PREJUDICE.

First, Plaintiff has not complied with DUCivR 55-1(b)(3) which requires:

> All motions for default judgment must be accompanied by an affidavit: (i) stating whether or not the defendant is in military service and showing necessary facts to support the affidavit; or (ii) if the plaintiff is unable to determine whether or not the defendant is in military service, stating that the plaintiff is unable to determine whether or not the defendant is in military service.

Plaintiff has failed to attach an affidavit regarding Defendant's military service.

The court also finds there is insufficient evidence to support the amount of damages requested. The supporting declaration and spreadsheet do not provide a sufficient basis for the court to grant judgment under DUCivR 55-1(b)(2). The declaration makes conclusory statements that Plaintiff was required to correct Defendant's deficient work, hire additional resources to

---

[1] ECF No. 32.

supplement the work, and engage a new subcontractor to complete the scope of work that was required under the contract.[2] But the spreadsheet does not provide any evidence or explanation for the charges, why the charges were required, any invoices, receipts, or other supporting evidence of the costs incurred by Plaintiff.[3] Additionally, one of the costs listed in the spreadsheet is for "attorney's fees" of $29,292.60.[4] While the parties' agreement does appear to provide for attorney fees for the prevailing party in any dispute[5], no explanation is provided as to relationship between the $29,292.60 line item and the request in the motion for $13,172 for attorney fees and costs.[6] There is no supporting evidence detailing what the $29,292.60 of attorney fees is for or why it is necessary beyond the $13,172 already sought in the motion.

The court finds the categories in the spreadsheet generally lack sufficient details and specificity regarding the amounts, including descriptions of what they are for, what part of the contract (if any) allows them, the exact dates for determining interest, and other relevant information. Without more evidence before it, the court is unable to appropriately determine the amount of damages.

**ORDER**

For the reasons stated above, the court DENIES the motion WITHOUT PREJUDICE.

---

[2] *Id.* ¶ 8.

[3] *Id.* at Ex. A, p. 7.

[4] *Id.*

[5] ECF No. 2-2, Agreement § 15.5.

[6] *See* ECF No. 32-2.

Signed June 24, 2021.

BY THE COURT

_____
David Barlow
United States District Judge